Hillsborough,
No. 4593.

AMOSKEAG-LAWRENCE MILLS, INC. *v.* STATE.

Argued June 19, 1957.

Decided July 9, 1957.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiff.

*Louis C. Wyman,* Attorney General, *Elmer T. Bourque* and *Arthur E. Bean,* Assistant Attorneys General (*Mr. Wyman* orally), for the State.

DUNCAN, J. Trial of the foregoing appeal was by jury, and a verdict was returned for the plaintiff in the sum of $125,000. The plaintiff seeks to have the verdict set aside as against the weight of the evidence, inadequate, and because the jury was misled. The motion to set the verdict aside alleges among other matters that the jury was misled because the plaintiff was prevented by opposing counsel and by rulings of the Court from offering evidence of appraisals furnished to the State before trial which the motion alleges would show that the damages amount to between $400,000 and $500,000 and would have demonstrated the unsoundness of the

State's position at the trial. The motion also alleges that certain testimony by an expert witness for the State failed to take into account the most valuable use of the property condemned, which was the use made by the plaintiff at the time of the taking.

At the trial the plaintiff had called to the stand the Right of Way Engineer for the State, who was head of the Right of Way Division of the Department of Public Works & Highways, Mr. Otis. The witness was summoned by subpoena *duces tecum* commanding him to produce at the trial among other documents, "all appraisal reports" in the possession of the State, and "all other correspondence, writings or analyses of the land damage" to the plaintiff's property, including "reports and writings of all professional industrial appraisers retained by the State" including those of Hayden, Harding and Buchanan. It is not disputed that the witness appeared upon the stand with a folder of documents "the size of a Sears-Roebuck catalogue." Under examination by the plaintiff's counsel, he testified that Hayden, Harding and Buchanan were under contract with the State to do engineering work for it, and to appraise properties. He testified, however, that the firm made no "written professional industrial appraisal report" with respect to damages to the plaintiff's property, and when asked whether there was within his department "a record . . . of an evaluation of damages relating to this taking suggested by professional industrial appraisers . . . is there such a report," he replied that he had never seen "any report . . . appraisal report." He also testified that he knew of no oral or written appraisal.

The motion for discovery seeks to compel production of the documents which the witness Otis was summoned to produce at the trial, to be used at the hearing upon the plaintiff's motion to set aside the verdict. No reason to disturb the ruling of the Trial Court appears upon the record before us. It falls short of establishing that the documents sought by the plaintiff were not produced at the trial. While the witness who was commanded to then produce them testified that a report answering the description of a "written professional industrial appraisal report" had not been made, and that he had never seen any "appraisal report," so far as appears he was never asked what documents he had produced in response to the summons, nor did counsel seek to inspect them.

The record indicates that the plaintiff was well aware before trial that the firm of Hayden, Harding and Buchanan was assembling data for the State, and the subpoena served during the trial

plainly indicated the probable existence of the documents which the plaintiff now seeks to have produced. While it is settled law that depositions may be taken after verdict with respect to issues presented by a pending motion to set aside a verdict, their scope is limited to matters "bearing on the motion." *Swinglehurst* v. *Busiel,* 84 N. H. 327, 328.

It is not apparent that testimony of witnesses not present at the trial, or the production of the desired documents would aid at this time in determining the truth of the allegations of the motion to set aside the verdict that the jury "was misled by counsel for the State into believing that no prior appraisals . . . had been made," or that the "plaintiff was prevented from getting this evidence before the jury by rulings of the Court," or that the jury was misled "because not permitted to receive evidence of the State's pre-litigation appraisals." In fact, the record before us fails to show that such evidence was offered by the plaintiff.

The plaintiff at the trial apparently accepted the answers of the witness Otis. No other effort to obtain the evidence now sought is shown by the record to have been made either before or during the trial, although the trial was attended by a certain Sullivan who was then identified as having been employed by Hayden, Harding and Buchanan, in the course of their survey of the plaintiff's property. The finding of the Trial Court that justice does not require that the desired discovery and depositions should now be permitted was not unwarranted. See *Redlon* v. *Corporation,* 90 N. H. 519, 530; *Cloutier* v. *Charland,* 100 N. H. 63, 64.

To the extent that the motion seeks production of the appraisal reports of the witnesses Jenkins and Murphy, there was likewise no error in its denial. Both witnesses were cross-examined at the trial, and the only allegation of the motion to set aside the verdict bearing upon this matter is the allegation that the verdict is against the evidence because it adopted the witness Jenkins' appraisal. The record indicates that this witness' report was available when he was cross-examined, and no reason is suggested why the State should now be required to produce his report after the event.

The order of the Trial Court denying the motion was within the limits of its discretion, and the order of this court is

*Exception overruled.*

All concurred.